UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MANDA TRUMAN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-224

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 5, 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8), and the record as a whole.[2]

**I.**

**A.**     **Procedural History**

In 2013, Plaintiff filed for DIB and SSI alleging a disability onset date of April 25, 2013. PageID 250-63. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, multiple sclerosis, diplopia, anemia, depression, and anxiety. PageID 675.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After initial denial of her applications, Plaintiff received a hearing before ALJ Mark Hockensmith on April 13, 2015. PageID 84-123. The ALJ issued a written decision on April 23, 2015 finding Plaintiff not disabled. PageID 65-76. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ Hockensmith's non-disability finding the final administrative decision of the Commissioner. PageID 50-52. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff timely appealed the ALJ Hockensmith's opinion and, on review, this Court reversed the non-disability finding and remanded the matter to the ALJ for further proceedings under the Fourth Sentence of 42 U.S.C. § 405(g). PageID 758-73; *see also Truman v. Berryhill*, No. 3:16-CV-380, 2017 WL 3581061, at *7 (S.D. Ohio Aug. 18, 2017).

On remand, Plaintiff received a hearing before ALJ Deborah Sanders on July 23, 2018. PageID 698-730. At that hearing, Plaintiff's attorney acknowledged that Plaintiff returned to full-time work in September 2015, *i.e.*, after her alleged onset date, and continued working full-time through May 2017. PageID 703. Accordingly, Plaintiff's attorney requested that the ALJ consider a closed period of disability between Plaintiff's alleged onset of April 2013 through September 2015, with disability resuming in 2017.[3] *Id.*

On October 30, 2018, ALJ Sanders issued a written decision finding Plaintiff not disabled at any time between her alleged onset date and the decision date. PageID 672-89. Specifically, ALJ Sanders found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in

---

[3] In her decision issued October 30, 2018, ALJ Sanders found that Plaintiff returned to full-time work in September 2015 and engaged in substantial gainful activity from that date through December 31, 2017. PageID 675. Plaintiff does not challenge these findings on appeal.

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

2

the national economy that [Plaintiff] can perform[.]" PageID 688. Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Sanders's non-disability finding the Commissioner's final administrative decision. PageID 661-65. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in ALJ Sanders's (hereinafter referred to as "the ALJ") decision (PageID 672-89), as well as the parties' briefing on appeal (docs. 9, 12, 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff alleges that the ALJ committed error in analyzing the opinion of her treating neurologist, Sharon Merryman, D.O. Doc. 9 at PageID 1271. Dr. Merryman, who treated Plaintiff from April 2013 through July 2014, stated in a treatment note on July 21, 2014 that Plaintiff could not "work full time without significantly increasing her fatigue" and, "[g]iven her age and risk for relapse . . . [seeking] disability is a more responsible choice than [Plaintiff] overly stressing her body out and increasing her risk of relapse."[5] PageID 522.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

---

[5] Dr. Merryman also stated that Plaintiff "needs to take a daily nap" (but did not specify whether or not that nap need to take place during the workday); "needs at least 8 hours sleep"; and "needs to break her day down so that she has rest periods." PageID 522. In setting forth the RFC, the ALJ concluded that Plaintiff "may occasionally need extra breaks in addition to regular breaks [when she suffers from] flare-ups." PageID 681. Plaintiff makes no argument that the RFC selected by the ALJ fails to account for Dr. Merryman's opinion in this regard. Accordingly, in considering Plaintiff's arguments on appeal, the undersigned focuses not on this aspect of the RFC but, instead, on whether the ALJ properly rejected Dr. Merryman's opinion regarding Plaintiff's inability to work full-time without significantly increasing her fatigue.

Generally, a treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

Here, The ALJ considered Dr. Merryman's opinion but found it "entitled to little, if any weight." PageID 686.  In so concluding, the ALJ stated:

> Dr. Merryman's opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques, and is inconsistent with the other substantial evidence in the record (20 CFR 404.1527(d)(2) and 416.927(d)(2)). Dr. Merryman is a treating source who treated the claimant from April 2013 through July 21, 2014, and she wrote her opinion on July 21, 2014.  On that date, Dr Merryman noted that the claimant's left eye trended out, but no nystagmus was noted, and that she ambulated slow, but independently and was cautious when turning.  All other examination findings, including motor, coordination, reflexes, and sensation were normal.  Dr. Merryman then indicated that she did not believe the claimant could work full-time without increasing her fatigue and that disability "was a more responsible choice that overly stressing her body out and increasing her risk of a relapse."  This statement directly contradicts the claimant's sustained return to full-time work activity in September of 2015, particularly in the absence of any change or improvement in the clinical and objective findings related to her multiple sclerosis.  Dr. Merryman did not indicate what the claimant could do on a sustained basis and simply stated that she did not believe the claimant could work full-time.  Given the lack of clinical findings supporting that statement, as well as the claimant's return to work activity without documented improvement in physical findings, the record does not support Dr. Merryman's opinion. Accordingly, her opinion is not entitled to controlling weight.  Dr. Merryman's opinion is not entitled to deferential weight because it contradicts the lack of clinically significant findings as well as the lack of change in the objective findings, such as MRI Scans.  Finally, given the lack of support for her opinion, Dr. Merryman's opinion appears based on the unquestioned acceptance of the

>claimant's subjective complaints and not the objective and clinical findings. Accordingly, Dr. Merryman's opinion is entitled to little if any weight.

PageID 686.

Initially, the undersigned notes that Dr. Merryman's statement -- essentially concluding that Plaintiff cannot work full-time -- is an opinion on the ultimate issue of disability, an issue reserved for the Commissioner. Soc. Sec. Ruling ("SSR") 96-5p, 1996 WL 374183, at *2 (July 2, 1996); *see also Hargrove v. Comm'r of Soc. Sec.*, No. 5:15CV707, 2016 WL 1039594, at *12 (N.D. Ohio Jan. 20, 2016), *report and recommendation adopted*, No. 5: 15 CV 707, 2016 WL 1070831 (N.D. Ohio Mar. 15, 2016) *Peterson v. Comm'r of Soc. Sec.*, No. 14-CV-13116, 2015 WL 12683974, at *7 (E.D. Mich. Aug. 7, 2015), *report and recommendation adopted*, No. 14-CV-13116, 2015 WL 5567771 (E.D. Mich. Sept. 21, 2015). While medical source opinions on issues reserved to the Commissioner "must never be ignored," SSR 96-5p, 1996 WL 374183 at *2-3, "the ALJ need not accord . . . controlling weight" to any opinion on such issues, even if offered by a treating source. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341 (6th Cir. 2008) (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). Instead, an ALJ must weigh such an opinion based on the factors set forth in 20 C.F.R. § 404.1527 regarding the nature and extent of the treatment relationship, supportability, consistency, and specialization. *See Thomas v. Colvin*, No. 3:15-CV-438, 2017 WL 163385, at *5 (S.D. Ohio Jan. 17, 2017), *report and recommendation adopted sub nom. Thomas v. Berryhill*, No. 3:15-CV-438, 2017 WL 680441 (S.D. Ohio Feb. 21, 2017).

From the undersigned's perspective, the ALJ declined to rely on Dr. Merryman's July 2014 opinion because Plaintiff returned to full-time work in September 2015 despite a lack of significant

change in the objective and clinical evidence of record.[6]  PageID 686.  In so relying on this fact, the ALJ considered the consistency factor set forth in 20 C.F.R. § 404.1527(c)(4), which states that "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."  Given Plaintiff's return to full-time work -- and absent argument from Plaintiff (with citation to record evidence showing) that her condition improved at that time or worsened when she again stopped working full-time in 2017 -- the ALJ's conclusion in this regard is supported by substantial evidence.[7]

The undersigned also finds substantial evidence supports the ALJ's decision to afford Dr. Merryman's opinion little weight on the basis that she never specifically indicated what Plaintiff could do on a sustained basis, stating only that full-time work would "significantly increas[e] her fatigue."  PageID 522, 686.  In this regard, Dr. Merryman opined that Plaintiff's decision to seek a SSI or DIB disability award "is a more responsible choice" than pursuing full-time employment.  PageID 522.  Given Dr. Merryman's lack of elaboration on what Plaintiff could do despite her impairments, the undersigned concludes that the ALJ's reasoning in this regard is supported by substantial evidence.  *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion"); *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 431 (6th Cir. 2018).

---

[6] The fact that Plaintiff returned to full-time work for approximately two-years in September 2015 distinguishes the present record in this appeal from the record at the time of Plaintiff's prior appeal from ALJ Hockensmith's April 23, 2015 decision -- when ALJ Hockensmith gave Dr. Merryman's opinion "little weight" because, *inter alia*, Plaintiff began working part-time in November 2014.  *See Truman v. Berryhill*, No. 3:16-CV-380, 2017 WL 3581061, at *5-6 (S.D. Ohio Aug. 18, 2017).

[7] The undersigned reaches the same conclusion insofar as Plaintiff alleges error in the ALJ's conclusion that, "given the lack of support for her opinion, Dr. Merryman's opinion appears based on the unquestioned acceptance of the claimant's subjective complaints and not the objective and clinical findings."  Doc. 9 at PageID 1272 -73; PageID 686.  This case was previously remanded, in part, because the Court found it "[un]reasonable for ALJ Hockensmith to assume that Dr. Merryman relied solely on Plaintiff's subjective complaints[.]"  *Truman*, 2017 WL 3581061, at *6.  But here, the ALJ's reasoning is appropriately different than the reasoning used by ALJ Hockensmith because the record before ALJ Sanders included evidence that, after ALJ Hockensmith issued his prior decision, Plaintiff commenced working full-time in September 2015 and continued doing so for over two years despite a "lack in change in the objective findings."  PageID 686.

Finally, Plaintiff asserts error in the ALJ's assignment of greater weight to the opinions of record-reviewing physicians Elizabeth Das, M.D. and Gerald Klyop, M.D.  Doc. 9 at PageID 1273-75.  Plaintiff argues that, in giving their opinions in August 2013 and December 2013, respectively, Drs. Das and Klyop did not review the complete record, which now contains treatment notes and examination findings through 2017.  PageID 130-32, 154-56.  "[B]efore an ALJ accords significant weight to the opinion of a non-examining source who has not reviewed the entire record, the ALJ must give 'some indication' that he [or she] 'at least considered' that the source did not review the entire record."  *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016).  Here, the ALJ specifically found that "the medical record documents no significant change in the claimant's physical or mental symptoms at any time since April 2013."  *See* PageID 684.  Plaintiff presents no argument beyond a conclusory assertion -- and cites no portion of the record suggesting -- that the ALJ's finding in this regard is error.  Accordingly, the undersigned cannot find that the ALJ's assessment of these opinions is unsupported by substantial evidence.

## IV.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded that Plaintiff can perform a significant number of jobs in the national economy.

While the undersigned may well have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence.  *Blakley*, 581 F.3d at 406.  "The findings of the [ALJ] are

9

not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   September 29, 2020              s/ Michael J. Newman
                                        Michael J. Newman
                                        United States Magistrate Judge